## DEBUYS & AL. vs. YERBY, EX.

An attachment will not lie against a non-resident executor.

An attorney appointed by the court, cannot give jurisdiction by pleading informally.

APPEAL from the court of the parish and city of New Orleans.

PORTER, J. delivered the opinion of the court. This action was commenced by attachment against an executor, a resident of the state of Mississippi, who had taken out letters testamentary there.

The attorney appointed to defend the absent debtor, pleaded that he was not liable to be sued, in the manner and form, in which the action was brought; and that the facts alleged in the petition were not true.

It appears to the court that there are insur-

East'n District.
June, 1823.

DEBUYS & AL.
vs.
YERBY, Ex.

mountable objections to the course which the plaintiffs have pursued.

By our laws *the debtor* must reside permanently out of the state, to authorise the writ of attachment. The affidavit in this case, states that the *estate* of H. Hunter is indebted to the petitioners. This allegation does not bring the plaintiffs within the act. The person indebted must be a non-resident, and as the executor was not personally indebted, his absence could not be a sufficient ground for this proceeding.

Property found in our state, belonging to the succession of one who has died abroad, and left no heirs here, is a vacant estate, and must be administered by a curator; and when a creditor wishes to be paid out of it, he should obtain letters of curatorship. 12 *Martin*, 106.

Decisions in one of our sister states, under laws nearly similar to our own, are in conformity with the ideas we have uniformly expressed on this subject. See 2 *Dallas*, 73, & 97.

The court of probates, it appears to us, had exclusive jurisdiction of this case, and an attorney, appointed in the court below, could not by an informality in pleading give jurisdiction,

East'n District.
June, 1823.

DEBUYS & AL.
vs.
YERBY, EX.

when the whole proceedings were *coram non judice.* It is therefore unnecessary to examine if the pleas put in, were sufficiently formal.

It is therefore, ordered, adjudged and decreed, that the judgment of the parish court be annulled, avoided and reversed, and that there be judgment against the plaintiffs, as in case of non-suit, with costs in both courts.

*Canon* for the plaintiffs, *Preston* for the defendants.